UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| PRENTISS JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 22-2156 |
| | ) | |
| DUSTIN HEUERMAN, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## SUMMARY JUDGMENT ORDER

Plaintiff, proceeding pro se and presently detained at Jerome Combs Detention Center, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging a Fourteenth Amendment claim for unlawful detention. The matter comes before this Court for ruling on the Defendants' Motion for Summary Judgment. (Doc. 19). The motion is granted.

## SUMMARY JUDGMENT STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in his favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

# FACTS[1]

Plaintiff filed this lawsuit on August 3, 2022. UMF 1. He alleged in his amended complaint that Champaign County Jail ("jail") officials kept him in custody past July 8, 2022, the date the criminal charges predicating his detention were allegedly dismissed. (Doc. 8); UMF 2-3.

The jail's grievance rules require detainees to file handwritten grievances forms with the grievance program coordinator within 14 days of the incident giving rise to the grievance. UMF 6-7. Jail officials provide a copy of the handbook outlining the grievance process to all new detainees. UMF 5, 14. Plaintiff acknowledged receipt of the handbook. UMF 15.

Plaintiff had access to grievance forms during his detention at the jail, but he did not file a grievance while so detained. UMF 17-19. Plaintiff mailed a grievance to jail officials approximately six months after he had been released from the facility. UMF 19. Jail officials responded that Plaintiff's grievance had been rejected and his underlying case had no merit. *Id.*

# ANALYSIS

Failure to exhaust is an affirmative defense, and, therefore, defendants bear the burden of showing that a prisoner failed to exhaust all available remedies. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018). The Prison Litigation Reform Act (PLRA) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (2013). The PLRA does not define the process a prisoner must utilize; rather, "state law establishes the administrative remedies that a state prisoner must exhaust for purposes of the PLRA." *Lanaghan v. Koch*, 902 F.3d 683, 687 (7th Cir. 2018).

---

[1] Plaintiff did not respond to Defendant's motion for summary judgment despite being warned of the consequences for failure to do so. The Court considers the facts asserted in Defendant's motion as undisputed for purposes of this ruling. Fed. R. Civ. P. 56(e)(2).

Plaintiff knew about the unlawful detention at the time the criminal charges were dismissed. He failed to file a grievance within the 14-day deadline prescribed by the jail's grievance rules. His attempts to exhaust the grievance process in early July 2023 occurred after he had filed this lawsuit, which is not permitted. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (inmate may not exhaust administrative remedies while a lawsuit is pending); *Ford v. Johnson*, 362 F.3d 395, 398-400 (7th Cir. 2004). The Court finds that Plaintiff failed to exhaust all available administrative remedies.

**IT IS THEREFORE ORDERED:**

1) **Defendants' Motion for Summary Judgment [16] is GRANTED. This case is dismissed without prejudice. The clerk of the court is directed to enter judgment in favor of Defendants and against Plaintiff. All pending motions not addressed below are denied as moot, and this case is terminated. Plaintiff remains responsible for the $350.00 filing fee.**

2) **Defendants' Motion to Stay [19] is DENIED as moot.**

3) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis MUST identify the issues the Plaintiff will present on appeal to assist the court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v Edwards*, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose…has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.**

Entered this 23rd day of May, 2023.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE